Case number 19-5967. The United States of America v. Samer Abdalla. All arguments not to exceed 15 minutes per side. Mr. Andrew C. Brandon for the appellant. Thank you and may it please the court. My name is Andrew Brandon. I am here today on behalf of Samer Abdalla and yes that is how he pronounces his first name. I have already requested three minutes for rebuttal. Your honors, a search warrant is not merely a document, a piece of paper that police officers have worked very hard to obtain. It is a legal document with legal significance. Specifically it authorizes search of a specific residence. In this case the search authorized search of a specific residence on Carey Road in Hartsville, Trousdale County, Tennessee. The officers wanted to and did in fact search a home on New Hope Road in Alexandria, DeKalb County, Tennessee. Simply stated this search warrant was not a warrant with respect to the home on New Hope Road because it did not authorize that specific search. In fact it authorized another. But there were parts of the warrant that listed the correct address, right? It's at the top of the of the warrant. The description takes you exactly to that property. I mean what was the probability that there would be a mistaken search in this case? Your honor, I don't think there is a high probability that this caravan of officers, of 20 officers, none of whom had read the warrant mind you, but I don't think there's a high probability that they would have driven all the way to Trousdale County. In fact I think that's I would concede that that probability was essentially non-existent. However that standard of whether they're really going to go somewhere else, it really applies to the particularity analysis which is an argument we've made and I think we prevail on. But I think the better analysis is either whether there was a search warrant for this property or whether because what your honor referenced, the first page of the warrant, that page says here is where there is probable cause to search. And then the last page says you are therefore authorized or go forth and search this other place. That that creates a complete and total mismatch of probable cause rendering this warrant deficient. And I think that that's the frankly the better analysis and I should add that the government has not addressed that analysis in its briefing. That was those were arguments number one and number two in my brief and the government really has not addressed it. Why is this not just like any other clerical error case that we and we have several of them and yes it's not transposed digits on an address but isn't it of that type of mistake and why shouldn't we just look at that case law and the question of whether there was any chance they were going to screw up the search? Well your honor I think that the court can analyze it under that and and I think we would prevail because it would be the most dramatic version of that that I've seen at least. Certainly an error far and away greater than any of those cases. However the issue with those cases is that they are of the type where the probable cause that is asserted is at least is sort of consistent throughout those warrants and here what we have is a total mismatch between where the probable cause is and where there is to be more like say the Hodson case where you say hey there's probable cause for this but but I'd really like to search for this other thing. In fact I think this is more significant than than Hodson because it implicates the entire residence and and which residence is is at issue. But counsel this is Judge Kethledge. I'm sorry I'm not on the video. This I mean if we're going to make the analogy to Hodson which I'm not sure we should but if we do it would seem like the the better description of that analogy would be this is a case where the officers go and actually look for evidence of the right crime i.e. the molestation not the child pornography because they go to the right house. That that's correct your honor though I I would add that the the you know in in Hodson the offense the the probable cause for the offense would have involved a computer search as I read that case because the you know the the search or the the officers had discovered this offense and discovered that Mr. Hodson was using his computer for that purpose and that's why the government argued for for inevitable discovery which was also rejected and so I do think that that they would have gotten into that computer in any event it's just that that the the words sort of were the wrong of the wrong type. Yeah so I guess I mean it's see number one I other than setting aside the Hodson case I really didn't see any authority for the proposition that a warrant like this one which lays out in some detail probable cause as to one address but then has another address at the end saying you're authorized to search this other address that such a warrant is ineffective as a warrant to serve the address for which there is probable cause. I mean there isn't a case at least in our circuit that says that yet is that fair? Your honor I think that's fair I think the closest case would maybe be Grovey Martinez out of the Supreme Court where they where they you know it's a it's a different issue it's not the two houses but but they say in this respect the warrant was so obviously deficient that we must regard the search as warrantless within the meaning of the case law. Yeah but and so I guess getting to maybe my my principal concern with your argument is that when we look at this warrant and and its description of probable cause there is probable cause to search the new hope address it just seemed fairly kind of obvious to me that this warrant was one to search the new hope address. It just wouldn't make any sense for them to go search a different address than the one for which they had probable cause to search and that the address at the end of the warrant was pretty clearly a typo and and so I guess I circle back to Judge Nalbandian's point which is you know why isn't this just a a clerical mistake that that really wasn't that consequential given that it's pretty obvious which address this warrant was intended to allow the officers to search and they did search the right one. Well your honor I think I think that it is it is fair to say that this was a mostly innocent clerical error but but you know under under Leon we we if we even get there uh which which I assert we don't but but under Leon you know we do ask not just is it is it innocent but but on the front end but is it sort of innocent on the back end that is would any you know realize this and and uh you know here I I just have to disagree uh strongly with the government. I mean they're they're essentially arguing that that if you're in the 20 member you know swap van going to the the raid and you see this you don't even have to tap the brakes you're you're just fine thinking oh well we're good uh the incorporation doctrine I'm sure that we're good on that uh and and I I simply can't agree with that I mean I think that this is a a grave error uh in your you know the the the sort of fundamental document that gets you into that house and and it's a serious concern. Um oh go ahead Judge Rodgers. Could I ask a question about exactly what your arguments are so just so I can put them in the right uh box um when you talk about um the wrong jurisdiction um one of the addresses in it is in the jurisdiction that's not this court's jurisdiction or this police jurisdiction that's mainly when you're talking about whether um this was a rubber stamp review and and and it's not really as I understand it your initial argument which I take to be but correct me if the nuance is wrong your very initial argument is that this is sort of um categorically insufficient warrant because you have to look at the operative words of the warrant and the operative words describe a different house. Yes your honor that that's that is that that argument that step one argument really doesn't deal with jurisdiction it just deals with you have to focus on the operative words in order to find out what this warrant is all about. Am I understanding that correctly? That's correct your honor and this judge would have had authority to issue a warrant for New Hope Road uh for the for the address they wanted to search. Right I understand but but your first argument it really doesn't depend on whether the the one in the operative language was in a it's based on the fact that it's just the wrong one in the operative words. That that's correct. Okay that's that's what I wanted as a clarification for the first argument. Thank you. And and I think that the you know the the jurisdiction argument talk addresses how much of an error it is and and just how dramatic it is but. But for the purposes of your first two arguments that goes more to the second part of your first two arguments. Yes your honor but but if if one digit were off for instance then then I I think we would we could all agree that we would be in a I would I probably wouldn't be able to make my Roman numeral one argument uh nearly as convincingly um and and the the Roman numeral 2a argument if you will I'm sorry for the the nomenclature here but is just that that probable cause uh is is sort of uh fundamentally removed um because it states there's probable cause one place and then authorizes search of another place and and again with the sort of jurisdictional question it's really just that would have stood out like a sore thumb and and this judge should have seen that the officers should have seen that everyone involved uh should have seen that so your argument about your argument for why we on wouldn't apply is that the officers themselves the officers themselves should have noticed they couldn't rely in good faith on this warrant if if any of them had read it uh uh we we have evidence that maybe one had previous you know the one who wrote it had previously read it but we know and I see my time's up if I may finish uh we we know that there was only one um uh officer who sort of knew the contents of it uh but but if any of them had read it then this would have been you know there there were two two parts of that warrant that weren't boilerplate and this was the key one the one that authorized search okay great thank you you'll have your full rebuttal time um we'll hear from uh uh police council thank you your honor uh may it please the court sophia vickery for the united states the warrant here was sufficiently particular and it was supported by probable cause even if the court chose not to reach the merits of those issues this case is readily resolvable on the good faith exception following in particular the framework of the watson case I thought that I might start first with what counsel described as his step one argument about whether this document was a warrant at all as this court has held in many cases the fact that there's a typographical error a clerical error or a drafting oversight in one section of the document does not automatically invalidate the warrant the next step is to look at the document as a whole and see whether it meets the constitutional requirements particularity and probable cause or what appellate or what the defendant is challenged in this case both of which are met on the merits the hudson case is readily distinguishable in hudson the problem is that the affidavit described probable cause for one crime but the warrant authorized search for evidence of a different crime and the police actually did search for evidence of a different crime whereas here the affidavit established probable cause to search new hope road the warrant notwithstanding a clerical error describing let me let me ask you a question though i mean okay so this case maybe is not hodson but it's not quite the clerical error cases either is it i mean this address is in a completely different jurisdiction from as far as this judge would be concerned i mean that's not just transposing digits in an address right correct it's not transposed digits it is entirely the wrong address but for purposes of particularity analysis i'd submit that the wrong address is the wrong address whether it's the wrong street number or the wrong street or both of those being wrong looking at that sentence in isolation directs officers to the wrong location and in that circumstance what this court has done is look at other parts of the warrant to see whether they're adequate to send officers to the correct location in this case those parts would be that it has the correct street address which many of those type of pieces don't have driving directions a description of the property etc is it is it just the case that as long as they show up to the right place just ex post we're okay with it i mean what would the case be where it would be egregious even though they actually went to the right place and we would say this warrant isn't any good so your honor i think that would be the case if the correct address or description of the property was not in the warrants at all and it's a slightly different situation but for example in grover's ramirez where the supreme court held that the warrant filled the particularity analysis in that warrant it was because the warrant didn't describe what evidence to be was to be seized at all that entire section was just blank and in that case the supreme court found that that warrant was deficient so taking that framework to the particularity of the location i think the court should consider the framework would be the same the court would consider whether there was enough information in the warrant as there was here on the first page of the document to send the officers to the correct location and then again whether there was a reasonable probability that they would search the wrong place in any event the good faith exception would apply and i point the court to watson in watson the warrant had what this court referred to as a drafting oversight it was a very similarly formatted warrant where the first page had extensive driving directions and a detailed description of the premises but then in the last page in this sort of grant of authority paragraph it was entirely blank somebody forgot to fill in what the premises to be searched were in that section and apparently as in this case the and in this case in that case the court explained that a reasonable officer could have overlooked that error acting in good faith because that officer would have been focused on driving directions and the description on the first page what about the argument that i i mean i guess i guess the question is the the if any officer had read this and had read that address or if the judge had read that address why wouldn't they have noticed this is not even in the judge at least this is not even in my jurisdiction and the officers this is not even in the county that we're currently driving in to the to the search well i think in this case and the record testimony supports this they didn't notice that the affiant did not notice that there was a mistake when he prepared the documents or after when he read the documents if they had noticed i think again the good faith exception would probably would still apply because they would have relied on information in the other parts of the warrant and this court's case law on those typo cases as we've been discussing that would support the particularity that that information provided enough details about the correct location that would fulfill the fourth amendment's particularity requirements i'd be happy to address the probable cause or other arguments that this court has any additional questions i i don't judge rogers i don't know i wanted to ask one question let's see if i can find it oh i'm thinking of something else sorry i'm fine um i don't have anything judge cathledge nope okay um thank you counselor uh we'll hear from the council for the appellant thank you thank you your honor and i would just like to address um watson uh is not quite as uh extreme as as she suggests the the uh final paragraph uh the sort of analog to the third page we have here uh was not entirely blank it it uh rather the first part said there's probable cause to search this house and these four individuals and then the last uh part of it the third you know third page analog let us say said you are hereby commanded to forthwith search the four named individuals of the name the warrant named them for the items specified and if any part thereof shall be found in said premises uh then you are authorized and commanded to seize these items uh so it it referenced the premises that had been previously described in the in the probable cause section and said go search these four individuals it did uh sort of omit the the last you know the it failed to repeat the address but it did reference the premises and it did reference the four individuals who were to be found on that address uh as described in the uh in the first part and so again we don't have this uh complete mismatch of the of the two of the probable cause and the place to be searched uh there was they did omit the address uh from the the last page but these two things are fundamentally different because they're still again uh the government is unable to identify a case where the warrant uh has two is it relevant at all that the affiant was also part of the search party so he knew exactly where they were going right i mean it didn't go ahead i think it is i think it is relevant uh in that again i'm willing to concede that they're they're not about to travel to a different county uh it is also relevant in that some of those typo cases the particularity cases uh have said that that could cure things and then others say it can only cure it if the affidavit is incorporated uh and and uh i do not agree that the affidavit here is uh incorporated it is it is uh there is reference to words uh you know to a sworn statement but uh uh you know i think i think that the the the relevance of that fact is is not entirely clear and i would ask the focus instead on the fact that we have a total mismatch between the probable cause stated in the place to be searched counsel i'm having trouble seeing how ruling for you would in any way further the grand underlying reasons for the reasonable search and seizure requirement i mean how is anybody how is anybody's privacy interest protected at all yes your honor i see my time is up uh if i i'll briefly respond um if i might uh your honor the these are the sort of uh rights that uh will corrode if they're not safeguarded here we have a warrant uh that again i would i would ask the court to look at the at the government's argument they're they're saying that if you look at this warrant you don't even have to have to hit the brakes on the car and pause and talk about it we're fine if uh the warrant says the wrong place to be searched and and if that is true then uh there could be we could easily imagine quite a bit quite a few scenarios in which uh such a mistake uh could could repeat over and over again uh i would have have asserted in my brief that if we had an affidavit for the carry household uh that um the the government would absolutely and they and they went and searched that house that they would absolutely argue that this warrant uh authorized search uh in which case you could potentially have a warrant that is that that they could argue uh would would be good for two houses it would be perfectly ambiguous in that it could be uh used to search two different residences two wildly different residences that's a that is a uh a serious danger and it's because of the risk to the other house that we that that's the concern that's the ultimate um privacy concern well i think that that if that when you have a situation like this they might go to the other house so we're not going to let him go to this house which is what everybody concerned thought was the right house well your honor i think i think that that again i wonder how there's even standing to raise it you know what your honor the i mean that we we know we know which one they they did ultimately search and it was his but but if i the there is a strong interest in the police getting this right uh your honor getting getting these details correct and the notion that somebody wouldn't have seen this that the judge would not have seen this uh is is really i mean this is as bad as it gets uh and and you know i could say if i were hired to update someone it's a bad mistake i'm just having trouble seeing and i'm repeating myself i'm trying to see how it's bad in terms of the underlying interests of the constitutional protection you could have a misspelled word that's badly misspelled as it gets but it doesn't protect anything well i i appreciate that your honor but i think that the i think the um you know leon doesn't doesn't give a sort of talk about the actual underlying uh violation right well i think i think that i think that would have to be that that this was a grave officer error and one that any well-trained officer would have and should have noticed had they bothered to to look at this and we have a strong interest in them getting this sort of thing right okay great uh thank you counselor and uh thank you both for your arguments uh and we will issue an opinion in due course